Judge Robertson,
delivered the opinion of the Court.
In July, 1823, a fiere facias issued in favor of Boswell, for the benefit of. Wallace for $31 12 1-2 cts. and costs, from a justice of the peace for Ohio county. It was delivered to Stephens a constable, but the time of delivery does not appear. It ' v it was returnable on the 1st Saturday in September. There was an endorsement upon it for wealth’s paper, on the 27th of Octqber, 1823, it was returned with an endorsement by Stephens, that be had received $18 08 cts. on the 14th October, 1823.
Boswell, in September, 1827, obtained a judgment for $18 8 cts. against Stephens before a magistrate, Stephens appealed to the circuit court; where, without pleading or writing, judgment was rendered for $18 8 cts. and costs.
rn . . To reverse this judgment, this writ of error is prosecuted.
. i • , The magistrate had no jurisdiction at the time the judgment was rendered. The magistrate had no right, at that time to render judgment for $18 in commonwealth’s paper.
When a magistrate had no jurisdiction, circuit court can acquire none t>j appeal.
McHenry, for plaintiff.
The circuit court, therefore, had no jurisdiction. We have no doubt, however, that in an appropriate action, the creditor in the execution could have rightfully recovered of Stephens, the amount which be had collected. He was not officially responsible, because the money was collected after his power to collect it by execution had expired. But on the receipt of the money, the law would imply an assumpsit to pay to the creditor the value of it. The law will not imply an assumpsit to pay any thing but money; consequently, no more than the value of the paper could be recovered of Stephens. The act of 1827, Ses. Acts 187, authorizing judgments for commonwealth’s paper against officers, applies only to officers who collect commonwealth’s paper “officially.” Therefore, as the receipt in this case was not official, Stephens is liable only for the value of the paper.
It is insisted that the law will not even imply an assumpsit to pay the value to the creditor, but that the debtor could sue for.and recover it; because, the creditor not being estopped by the receipt by Stephens, in his individual character, could still coerce the whole amount of his execution, from the debtor.
This the creditor might do. For he could not move against the officer, for the money which he received in his private capacity, when he had no process which required or authorized its collection officially. The creditor, therefore, is not estopped by this receipt; and if he were to force the debtor, by execution, to pay the money again, the latter could recover it from Stephens. But by sueing Stephens, the creditor approves the receipt by him of the $¡18 8 cts.; as it was paid to his use, he has a right to it, although he is not bound to look to Stephens for it. Stephens then is responsible to him if he shall elect to look to Stephens; and if he recover of Stephens, the debtor will be discharged “pro tanto,” and have no right to sue Stephens.
The judgment is reversed, and the cause remanded, with instructions to dismiss the suit for want of jurisdiction.